Samuel O. Ogbogu, Esq. (SB# 156427)
SAMUEL OGBOGU, INC.
4311 Wilshire Boulevard Suite 308
Los Angeles, Ca 90010
Telephone: (213 624-1500
Facsimile: (323) 433-7330
Email: sogboguinclaw@aol.com

Jay Valentine, Esq. (SB# 302534)
Valentine Law
827 State Street, Suite 19
Santa Barbara, CA 93101
Telephone: (805-455-7427
Email: valentinelaw805@gmail.com

Attorneys for Plaintiff, Nathalie Cohen

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NATHALIE COHEN,<br><br>    Plaintiff,<br><br>Vs.<br><br>THE UNITED STATES<br><br>    Defendant. | CASE N0: 2:23-cv-07757<br><br>**COMPLAINT FOR DAMAGES:**<br><br>**1. Negligence** |

**PLAINTIFF'S ORIGINAL COMPLAINT**

COMES NOW Plaintiff, NATHALIE COHEN, and files the herein Plaintiffs' Original Complaint complaining of The United States, hereinafter sometimes referred to as "Defendant" and would respectfully show the Court the following:

///

# I.

## **PARTIES, JURISDICTION, SERVICE OF PROCESS, AND VENUE**

1. This is an action for personal injuries brought by Plaintiff, Nathalie Cohen.

2. The Defendant is the United States.

3. This Federal District Court has jurisdiction of this cause, because this action is brought pursuant to and in compliance with 28 U.S.C §§1346(b), 2671-2680 *et seq*., commonly known as the "Federal Tort Claims Act", which vests exclusive subject matter jurisdiction of Federal Tort Claims litigation in the Federal District Court.

4. The United States may be served with process in accordance with Rule 4(I) of the Federal Rules of Civil Procedure, by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court or by sending a copy of the summons and of the complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney, Central District of California, 300 North Los Angeles Street Suite 7516, Los Angeles, California 90012; and by also sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e), as the United States is a Defendant and a substantial part of the events or omissions giving rise to the claim occurred in this district, and specifically located at Vandenberg Space force Base (VSFB), 706 Washington Avenue, VSFB, CA 93437.

///

COMPLAINT FOR DAMAGES

## II.

## LIABILITY OF THE UNITED STATES OF AMERICA

7. This case is commenced and prosecuted against the United States of America pursuant to and in compliance with Title 28 U.S.C. §§2671-2680, commonly referred to as the "Federal Tort Claims Act". Liability of the United States is predicated specifically on Title 28 U.S.C. §§ 1346(b)(1) and 2674 because the personal injuries and resulting damages of which complaint is made, were proximately caused by the negligence, wrongful acts and/or omissions of employees of the United States at the Vandenberg Space Force Base (VSFB), California, while acting within the scope of their office or employment, under circumstances where the United States, if a private person, would be liable to the Plaintiffs in the same manner and to the same extent as a private individual under the laws of the State of California.

## III.

## JURISDICTIONAL PREREQUISITES

8. Plaintiff pleads pursuant to Title 28 U.S.C. §§ 2672 and 2675(a), that the claims set forth herein were filed with and presented administratively to the Defendant's agency, the Department of The Air Force on February 21, 2022, for personal injuries sustained by Plaintiff, Nathalie Cohen. The Department of The Air Force denied the Claim on March 23, 2023. Accordingly, Plaintiff has complied with all jurisdictional prerequisites and conditions precedent to commencement and prosecution of this litigation.

## IV.

## THE DEPARTMENT OF THE AIR FORCE IS AN AGENCY OF THE UNITED STATES

COMPLAINT FOR DAMAGES

9. The Department of The Air Force is an agency of the United States of America. The United States of America, Defendant herein, through its agency, the Department of the Air Force, at all times material hereto, owned, operated and controlled the Vandenberg Air Space Base facility known as VASB, located in California, and through its agency, the Department of Air Force staffed said base with its agents, servants, and/or employees.

10. The Department of the Air Force operated, maintained, managed and installed an Active Vehicle Barrier (AVB), a steel barrier, which when deployed, serves as a barrier to block vehicles from proceeding further into the base.

## V.

## EMPLOYMENT AND COURSE AND SCOPE

11. At all times material hereto, all persons involved in the operation of the AVB, maintenance, operation and the design, of the AVB that is the object that resulted in injuries to plaintiff at VAFB, and or all agents, servants, and/or employees of the Department of Air Force, including the security personnels manning and operating the AVB at the time of the subject incident, were at all times material hereto, acting within the course and scope of such employment.

## VI.

## FACTS COMMON TO ALL CAUSES OF ACTION

12. This action for monetary damages by Plaintiff stems from the injuries sustained by Plaintiff, Nathalie Cohen on December 23, 2021 at approximately 10:45 a.m. within the VAFB

13. Plaintiff Nathalie Cohen, at all times material, was and is a civilian employee at the VASB. To get to her work place within the VASB, she is required to show her security base

pass at the Santa Maria entrance gate. Upon clearing security, she is passed through and she will drive a distance of approximately a mile to get to her place of work in the base.

14.     The Santa Maria entrance gate always has no less than two security personnel at all times. The security personnel at the gate have, among other functions, the ability to activate the AVB to block further ingress into the base. Once activated, the barrier rises from the road surface and blocks any further ingress into the base.

15.     After presenting her base pass, and after she was cleared to drive into the base, Plaintiff proceeded to drive into the base. She was traveling within the speed limit. As she travelled about 100 -200 yards into the base and without any warning from any source, the steel barrier was suddenly deployed, and suddenly popped up from the ground and in front of the plaintiff.

16.     Plaintiff had no way of avoiding the immediate impact that occurred. The result was a vicious collision involving the 2002 Chevy Tahoe, owned and operated by plaintiff, and the steel barrier installed by The Department of Air Force, and operated by agents and or employees of the defendant.

17.     As a proximate result of the defendants conduct and the ensuing collision, Plaintiff sustained serious injuries, including fibula and rib fractures, multiple lacerations, contusions and bruises, all in an amount in excess of $75,000.00.

VII.

**FIRST CAUSE OF ACTION FOR NEGLIGENCE AGAINST THE UNITED STATES**

18.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 17, as though set forth herein in full.

COMPLAINT FOR DAMAGES

19. Defendant, the United States of America, through its subdivision and or agents and employees, including the Department of Air Force, was negligent in it's the installation, maintenance, operation, control and management of the security steel barrier. Further, the United States of America, through its subdivision and or agents and employees, including the Department of Air Force, was negligent in the following ways, including but not limited to:

    a. Failing to provide adequate staffs to operate the security gate;

    b. Failing to properly secure the entrance gate such that the visitors or persons entering the facility cannot advance into the base without clearance;

    c. Failure to ensure that Plaintiff, with valid base pass who was cleared to proceed into the base will not be hindered or injured by the steel barrier.

    d. Failing to provide adequate warning or notice of the barrier to plaintiff.

    e. Inadequate training of its employees in the performance of their security functions at the Santa Marina entrance gate.

    f. Negligent supervision of its employees.

    g. Negligent training of its employees.

20. At all times mentioned herein, the employees, agents, and/or representatives of the United States Government were negligent and proximately caused all of the injuries and damages sustained by the Plaintiff.

## VIII.

## DAMAGES

21. As a direct and proximate result of Defendant's negligent acts and/or omissions, as alleged herein, Plaintiff sustained damages, including but not limited to, the following:

    1. Physical and emotional injuries,

    2. Past and future medical expenses;

    3. Past and future emotional distress and mental anguish;

    4. Past and future loss of earnings and earning capacity;

5. Property damage and loss of use of vehicle.

## IX.

## **MEANING OF "DEFENDANT"**

22. In this Complaint, whenever the term "Defendant" is used, it means Defendant, Defendant's officers, agents, servants, employees, and/or representatives. Whenever in this Complaint it is alleged that Defendant did any act or thing, it is meant that Defendant, Defendant's officers, agents, servants, employees, and/or representatives did such act or thing, and that at the time such act or thing was done, it was done with the full authorization and ratification of Defendant and was done in the normal and routine course and scope of employment of Defendant's officers, agents, servants, employees, and/or representatives. Whenever in this Complaint it is alleged that Defendant omitted any act or thing, it is meant that Defendant, Defendant's officers, agents, servants, employees, and/or representatives omitted such act or thing.

## X.

## **PRAYER**

WHEREFORE, the Plaintiffs request that the Defendant be cited in terms of law to appear and answer herein: that upon final trial and hearing hereof, the Plaintiffs have judgment against the Defendant, for the amount of actual damages; and for such other and different amounts as they shall show by proper amendment before trial; for post judgment interest at the applicable legal rate; for all Court costs incurred in this litigation; and for such other and further relief, at law and in equity, both general and special, to which the Plaintiffs may show themselves entitled and to which the Court believes they deserve.

COMPLAINT FOR DAMAGES

## XII

## DEMAND FOR JURY TRIAL

Plaintiff demand jury trial on all issues.

Respectfully submitted,

By: /s/ *Samuel Ogbogu*
SAMUEL O. OGBOGU
State Bar No. 156427
Attorneys for Plaintiff,
Nathalie Cohen