E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division                    NOTE: CHANGES MADE BY THE COURT
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section
TRENT K. FUJII (Cal. Bar No. 344614)
Assistant United States Attorney
        Federal Building, Suite 7516
        300 North Los Angeles Street
        Los Angeles, California 90012
        Telephone: (213) 894-8995
        Facsimile: (213) 894-7819
        E-mail: Trent.Fujii@usdoj.gov

Attorneys for Defendant
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| NATHALIE COHEN, | Case No. 2:23-cv-07757-CBM-JPR |
| Plaintiff, | |
| v. | **STIPULATED PROTECTIVE ORDER** |
| UNITED STATES OF AMERICA, | Honorable Jean P. Rosenbluth |
| Defendant. | United States Magistrate Judge |

1

**1.** **A. PURPOSES AND LIMITATIONS**

Discovery in this action is likely to involve the production of confidential, sensitive, proprietary, and/or private information for which special protection from public disclosure and from use for any purpose other than prosecuting or defending this action may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on, or allow blanket designations of, all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 13.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that apply when a party seeks to file material under seal.

**B. GOOD CAUSE STATEMENT**

This action is likely to involve personally identifiable information ("PII"), law enforcement and military practices, financial, private, and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action may be warranted. Such confidential and proprietary materials and information may consist of training materials for the United States Air Force and/or United States Space Force (collectively "USAF") agents/officers, documents reflecting tactics and techniques USAF agents/officers utilize when protecting military bases as well as private information regarding others in their household, information regarding confidential business practices, organizational membership and/or operational information, information regarding the income and personal finances of Plaintiff and various current and former USAF agents/officers, the identities of current and former USAF employees (including but

not necessarily limited to rank and file USAF employees), confidential military practices, and other information generally unavailable to the public that may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.

A protective order covering the above types of information is justified in this action to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to protect information that the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary use of covered material in preparation for and in the conduct of trial, to address the handling of covered information at the end of the litigation, and to serve the ends of justice. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner.

## 2.  DEFINITIONS

2.1 Action: This lawsuit.

2.2 Challenging Party: A Party or Non-Party who challenges the designation of information or items under this Order.

2.3 "CONFIDENTIAL" Information or Items: Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), which may include, but is not limited to, personally identifiable information (including first and last names, dates of birth, places of birth, immigration status, citizenship, records of travel to and from the United States, phone numbers, and email addresses, medical and disability-related information, Social Security numbers, alien numbers, and driver's license information), financial information, names of employers, professional license numbers, photographs of people, non-public information that is For Official

Use Only (FOUO) or Law Enforcement Sensitive (LES), information protected by the provisions of the Privacy Act of 1974, 5 U.S.C § 552a, information protected by 8 U.S.C. § 1367(a), information protected or restricted from disclosure by any other statute or regulation, information contained in individual detainee files (e.g., "A files") subject to disclosure conditions under the Privacy Act, 5 U.S.C. § 552a, or any other information or documents that would be covered by the Privacy Act if the subject of the information was a U.S. citizen or a person lawfully admitted for permanent residence, confidential personal information regarding class members or putative class members and their families, custodians, sponsors, or other persons with whom they may reside, and information that is protected or restricted from disclosure under any statute or regulation but that the Court may order to be produced.

2.4 "CONFIDENTIAL—ATTORNEYS' EYES ONLY" Information or Items: information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) and other governing law, and as specified above in the Good Cause Statement, for which heightened protection is appropriate. A CONFIDENTIAL–ATTORNEYS' EYES ONLY designation shall apply only to extremely sensitive "CONFIDENTIAL" Information or Items, the disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.5 Counsel: Outside Counsel of Record for a Party or Non-Party, as well as their support staff.

2.6 Designating Party: A Party or Non-Party who designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "CONFIDENTIAL –ATTORNEYS'S EYES ONLY."

2.7 Disclosure or Discovery Material: Any item or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that is produced or generated in disclosures or responses to discovery in this matter.

2.8 Expert: A person with specialized knowledge or experience in a matter pertinent to the Action who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action (as well as their support staff).

2.9 House/Agency Counsel: attorneys who are employees of a party to this Action. House/Agency counsel does not include Outside Counsel of Record or any other outside counsel.

2.10 Non-Party: Any natural person, partnership, corporation, association, governmental agency, or other legal entity not named as a Party to this action.

2.11 Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and who have appeared in this Action on behalf of that party.

2.12 Party: Any party to this Action, including all of its officers, directors, employees, consultants, retained Experts, and Counsel.

2.13 Privileged Information: Information contained in a Document produced by a Producing Party that the Producing Party later claims to be, in whole or in part, privileged or otherwise protected by the attorney-client privilege and/or work product protection, law enforcement privilege, deliberative process privilege, governmental privileges, or any other applicable privilege.

2.14 Producing Party: A Party or Non-Party who produces Disclosure or Discovery Material in this Action.

2.15 Professional Vendors: Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or

demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16   Protected Material: Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEY'S EYES ONLY."

2.17   Receiving Party: A Party that receives Disclosure or Discovery Material from a Producing Party.

2.18   Signatories: All parties to this litigation, their counsel, and all Non-Parties that a court may subsequently recognize as a signatory of this proposed protective order.

## 3.   SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above) but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial or purport to restrict the parties' ability to enter a separate agreement governing the use of protected material at trial.

## 4.   DURATION

Even after the final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this action,

including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.    DESIGNATING PROTECTED MATERIAL**

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent practicable, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Indiscriminate or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2    Manner and Timing of Designations. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

(a)    For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL"

(hereinafter "CONFIDENTIAL legend") or "CONFIDENTIAL—ATORNEYS'
EYES ONLY" (hereinafter CONFIDENTIAL—ATTORNEYS' EYES ONLY
legend"), to each page that contains Protected Material. If only a portion or portions
of the material on a page qualifies for protection, then to the extent practicable the
Producing Party also must clearly identify the protected portion(s) (e.g., by making
appropriate markings in the margins).

(b)    If a Party or Non-Party initially produces documents for inspection
(e.g., because of the volume of materials and to reduce unnecessary copying), in lieu
of marking the original of a document which contains Confidential Information prior
to such an inspection, Counsel for the Producing Party may in writing designate
documents or things being produced for inspection as containing Confidential
Information, thereby making them subject to this Order. Any copies of such
documents thereafter provided, however, must be marked by the Designating Party,
if appropriate, in accordance with this Order at the time that copies are formally
produced. Tangible objects constituting or containing Confidential Information may
be designated by affixing to the object or its container, a label or tag marked
"CONFIDENTIAL legend" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY
legend."

(c)    For testimony given in depositions that involves information subject to
CONFIDENTIAL    or    CONFIDENTIAL–ATTORNEYS'    EYES    ONLY
designations, the Parties must identify such protected testimony on the record before
the close of the deposition.

(d)    For information produced in some form other than documentary and
for any other tangible items, that the Producing Party affix in a prominent place on
the exterior of the container or containers in which the information is stored the
legend "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY."
If only a portion or portions of the information warrants protection, the Producing

Party, to the extent practicable, shall identify the protected portion(s).

(e)    A Designating Party may designate as CONFIDENTIAL or CONFIDENTIAL–ATTORNEYS' EYES ONLY information or items produced in this litigation by another Party or Non- Party that contains or is derived from the Designating Party's own such Designations, subject to the restrictions set forth in the Order. Each Party that designates such information or items as CONFIDENTIAL or CONFIDENTIAL–ATTORNEYS' EYES ONLY will be treated as the Designating Party for purposes of this Order.

5.3    Inadvertent Failures to Designate. If timely corrected by written notice to the Receiving Party, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this Order. The Receiving Party shall treat such documents, things, information, responses and testimony as Protected Material from the date such notice is received in accordance with the provisions of this Order. The Receiving Party shall reasonably cooperate to correct any disclosure to maintain the confidentiality of the previously undesignated information, without prejudice. Within ten (10) days of providing written notice that a document or documents was mistakenly not designated Protected Material under this provision, the Designating Party must provide the Receiving Party with replacement copies of such documents containing the proper designation. Upon receipt of such replacement copies, the Receiving Party shall immediately destroy any copies of the unmarked or incorrectly marked documents, things, information, responses, or testimony; except that the Receiving Party shall not be obligated to destroy any mis-designated material that has become part of the record of this litigation or of a deposition taken pursuant to this litigation.

**6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1    Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2    Meet and Confer. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties), may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**7.    ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending or attempting to settle this Action. No one subject to this Protective Order shall use CONFIDENTIAL information or CONFIDENTIAL–ATTORNEYS' EYES ONLY information obtained from a Party or Non-Party for any other purpose or in any other proceeding. CONFIDENTIAL information or CONFIDENTIAL–ATTORNEYS'EYES ONLY information obtained in this litigation also shall not be used to retaliate against, discriminate against, or harass any party, any witness, any relative or domestic partner of any Party or witness, or any individual associated with the Parties.

Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.

When the Action has been terminated, a Receiving Party must comply with

the provisions of section 14 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Counsel in this Action, as well as employees and any legal, investigative, technical, administrative, and other support staff of said Counsel to whom it is reasonably necessary to disclose the information for this Action;

(b)    the Receiving Party itself, including the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)    Experts (as defined in this Order) or independent consultants (and their staff) retained by Counsel for the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)    the court and its personnel;

(e)    court reporters and their staff;

(f)    professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)     during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the "Acknowledgment and Agreement to be Bound" (Exhibit A); and (2) they will not be permitted to keep any confidential information. Pages of transcribed deposition testimony or exhibit to depositions that reveal Confidential Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i)     any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions or appointed by the Court.

7.3     Disclosure of "CONFIDENTIAL—ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL–ATTORNEYS' EYES ONLY" only to:

(a)     the Receiving Party's Outside Counsel of Record in this Action, and support staff of said Outside Counsel of Record, including law students, to whom disclosure is reasonably necessary for this Action. In light of the highly sensitive nature of "CONFIDENTIAL–ATTORNEYS' EYES ONLY" information, it is the Parties' intent that access to "CONFIDENTIAL–ATTORNEYS' EYES ONLY" information shall be highly circumscribed and not made broadly available to the staff of Outside Counsel of Record. With the exception of the attorneys who entered appearances in this litigation, each individual identified under section 7.3(a) must execute the "Acknowledgment and Agreement to be Bound" (Exhibit A) prior to obtaining access to any information designated as "CONFIDENTIAL-ATTORNEYS' EYES ONLY"]];

(b)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the

1  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

2          (c)      the court and its personnel;

3          (d)      court reporters and their staff;

4          (e)      interpreters;

5          (f)      professional jury or trial consultants, mock jurors, and Professional

6  Vendors to whom disclosure is reasonably necessary for this Action. Each individual

7  identified under this subsection must execute the "Acknowledgment and Agreement

8  to Be Bound" (Exhibit A) prior to obtaining access to any information designated as

9  CONFIDENTIAL-ATTORNEYS' EYES ONLY;

10         (g)      the author or recipient of a document containing the information or a

11  custodian or other person who otherwise possessed or knew the information;

12         (h)      deposition witnesses and their attorneys for depositions conducted in

13  the Action to whom disclosure of Protected Material is reasonably necessary,

14  provided: (1) the deposing party obtains an executed copy of the "Acknowledgment

15  and Agreement to Be Bound" (Exhibit A) from the witness and his or her attorney(s);

16  and (2) the witness and his or her attorney(s) refrain from retaining any documents

17  that include any information designated CONFIDENTIAL–ATTORNEYS' EYES

18  ONLY, including, but not limited to, deposition exhibits, documents shown to the

19  witness, but not marked as exhibits, and any notes generated during the deposition.

20  Only Counsel of Record in the Action shall retain an original or copy of any

21  deposition transcript. Deposition witnesses and their attorneys may temporarily

22  retain an original or copy of a transcript of their own deposition to review it for

23  accuracy, or to prepare to testify. Neither the witness nor their counsel shall make

24  copies of the transcripts, or any portion thereof. The deposition witnesses and their

25  attorneys must return the deposition transcripts to Counsel of Record within 10 days

26  after testifying or completing review of the transcript. Pages of transcribed

27  deposition testimony or exhibits to depositions that reveal Protected Material may

28                                            13

be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i)    any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions or appointed by the Court. Unless that person is a judicial officer, each individual identified under this subsection must execute the "Acknowledgment and Agreement to Be Bound" (Exhibit A) prior to obtaining access to any information designated as CONFIDENTIAL–ATTORNEYS' EYES ONLY.

7.4    Retention of Executed Copies of "Acknowledgement and Agreement to Be Bound." Counsel shall retain all executed copies of the "Acknowledgment and Agreement to Be Bound" (Exhibit A) from individuals who have been granted access to any Protected Material by such Counsel.

**8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order unless prohibited by law;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with

the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY" before a determination by the relevant court unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION.**

(a)    The terms of this Order are applicable to information produced by a Non- Party in this Action and designated as "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections, including negotiating a separate protective order with any third party.

(b)    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's Protected Material in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's Protected Material, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-

15

Party, if requested.

(c)    If the Non-Party fails to seek a protective order from this court within 21 days of receiving the notice and accompanying information, the Producing Party may produce the Non-Party's Protected Material responsive to the discovery request. If the Non-Party timely seeks a protective order, the Producing Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

(d)    Nothing contained herein shall be construed to restrict the ability of a Non-Party from objecting to disclosure of information within its possession, custody, and control pursuant to any applicable federal or state law.

**10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

The production of a document, or part of a document, shall not constitute a waiver of any privilege or protection as to any portion of that document, or as to any undisclosed privileged or protected communications or information concerning the

same subject matter, in this or in any other proceeding. This Order applies to attorney-client privilege, work-product protection as defined by Federal Rule of Civil Procedure Rule 26(b), law enforcement privilege, deliberative process privilege, governmental privileges, or any other applicable privilege. Nothing in this Order shall constitute an admission that any document disclosed in this litigation is subject to any of the foregoing privileges or protections, or that any party is entitled to raise or assert such privileges. Additionally, nothing in this Order shall prohibit parties from withholding from production any document covered by any applicable privilege or other protection. Nothing in this Order shall limit a party's right to conduct a pre-production review of documents as it deems appropriate.

a.    The procedures applicable to a claim of privilege on a produced Document and the resolution thereof shall be as follows: If a Receiving Party discovers a Document, or part thereof, produced by a Producing Party appears to be privileged or otherwise protected, the Receiving Party shall promptly notify the Producing Party. Within 5 days of confirmation from the Producing Party that the identified Document contains produced Privileged Information and the request to comply with the stipulations in this Order ("Privilege Notice"), the Receiving Party must return the Document or destroy it and certify that it has been destroyed to the Producing Party.  The Receiving Party must also promptly identify, sequester, and destroy any notes taken about the Document. If a Receiving Party disclosed the Document specified before receiving the Privilege Notice, it must take reasonable steps to retrieve it, and so notify the Producing Party of the disclosure and its efforts to retrieve the Document. In addition, the Receiving Party may not make use of that Document for any purpose. Nothing in this Order is intended to shift the burden to identify privileged and protected Documents from the Producing Party to the Receiving Party.

b.    If a Producing Party determines that a Document containing Privileged

17

Information, or part thereof, was produced by the Producing Party, the Producing Party shall give the Receiving Party the Privilege Notice described in Section 12(a) above. The Privilege Notice must contain information sufficient to identify the Document, such as a Bates number or other identifying information. Within 5 days of receiving the Privilege Notice, if the Receiving Party agrees with the privilege assertion made, the Receiving Party must promptly return the specified Document(s) and any copies or destroy the Document(s) and copies and certify to the Producing Party that the Document(s) and copies have been destroyed. The Receiving Party must destroy any notes taken about the Document. If a Receiving Party disclosed the Document or information specified in the notice before receiving the Privilege Notice, it must take reasonable steps to retrieve it, and so notify the Producing Party of the disclosure and its efforts to retrieve the Document or information.

c.      Upon receiving the Privilege Notice, if a Receiving Party wishes to dispute a Producing Party's Privilege Notice, the Receiving Party shall promptly meet and confer with the Producing Party.  The Document(s) shall be sequestered immediately upon receiving the Privilege Notice and not be used by the Receiving Party in the Litigation (e.g., filed as an exhibit to a pleading; used in deposition) while the dispute is pending.  If the Parties are unable to come to an agreement about the privilege assertions made in the privilege notice, the Receiving Party may make a sealed motion for a judicial determination of the privilege claim.  The motion shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

d.      Upon notice to the Receiving Party of the Produced Privileged Information (whether the Document was initially identified by the Producing Party or Receiving Party) and request for compliance with the stipulation in this Order, the Producing Party shall produce a privilege log with respect to the Privileged Information.

e.      The Producing Party retains the burden of establishing the privileged or protected nature of any Produced Privileged Information. Nothing in this Order shall limit the right of any party to request an *in camera* review of the Inadvertently Disclosed Information.

f.      Pending resolution of the judicial determination, the Parties shall refrain from using the challenged information for any purpose and shall not disclose it to any person other than those required by law to be served with a copy of the sealed motion. The Receiving Party's motion challenging the assertion must not publicly disclose the information claimed to be privileged. Any further briefing by any Party shall also not publicly disclose the information claimed to be privileged if the privilege claim remains unresolved or is resolved in the Producing Party's favor.

g.      If a Document must be returned or destroyed as determined by the process above, that Document, along with copies and notes about the Document, that exist on back-up tapes, information technology ("IT") systems, or similar storage need not be immediately deleted or destroyed, and, instead, such materials shall be overwritten and destroyed in the normal course of business. Until they are overwritten in the normal course of business, the Receiving Party will take reasonable steps to limit access, if any, to the persons necessary to conduct routine IT and cybersecurity functions.

## 12.   SECURITY AND DATA BREACH

Any person in possession of another Party's Protected Material shall exercise the same care with regard to the storage, custody, or use of such Protected Material as they would apply to their own material of the same or comparable sensitivity, including complying with all applicable laws and regulations governing such Protected Material, and act in conformity with the purposes and limitations and good cause statement contained herein.

## 13.   MISCELLANEOUS

13.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2    Right to Assert Other Objections. By stipulating to the entry of this Stipulated Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

13.3    Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

**14.    FINAL DISPOSITION**

14.1    Return or Destroy Protected Materials. Within 60 days after the Final Disposition of this Action, and upon a written request by the Designating Party, each Receiving Party must use commercially reasonable efforts to return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.

14.2    Certification of Return or Destruction. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) within 60 days after the Final Disposition of this Action, and upon a written request by the Designating Party,  that (1) identifies (by category, where appropriate) all the

20

Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.

14.3   Use of Archival or Backup Data. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

Counsel also shall not be required to delete Protected Material that may reside on their respective firms or vendors' electronic disaster recovery systems that are overwritten in the normal course of business, or Protected Material that may reside in electronic files which are not reasonably accessible. However, parties and their Counsel shall not retrieve, access, nor use any Protected Material from said electronic disaster recovery systems or other not-reasonably accessible data sources after the conclusion of the matter.

**15.   VIOLATION**

1    Any violation of this Order may be punished by appropriate measures

2    including, without limitation, contempt proceedings and/or monetary sanctions.

3    FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

4    DATED:

5

6    Respectfully submitted,

7    Dated: October 28, 2024    */s/ Samuel O. Ogbogu*

8    SAMUEL O. OBBOGU

9    Attorneys for Plaintiff

10   NATHALIE COHEN

11

12

13   Dated: October 28, 2024    E. MARTIN ESTRADA
                                United States Attorney
14                              DAVID M. HARRIS
                                Assistant United States Attorney
15                              Chief, Civil Division
                                JOANNE S. OSINOFF
16                              Assistant United States Attorney
                                Chief, Complex and Defensive Litigation Section

17                              */s/ Trent K. Fujii*

18                              TRENT K. FUJII
                                Assistant United States Attorney
19
                                Attorneys for Defendant
20                              UNITED STATES OF AMERICA

21

22

23   Date: 11/5/2024

24                              HONORABLE JEAN P. ROSENBLUTH
                                United States Magistrate Judge
25

26

27

28                              22

**EXHIBIT A**
**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____[print or type full name], of _____[print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California on _____[date] in the case of *Nathalie Cohen v. United States of America*, No. 2:23-cv-07757-CBM-MRW. I agree to comply with and be bound by all the terms of this Protective Order, and I understand and acknowledge that failure to do so may expose me to sanctions. I solemnly promise that I will not use or disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____[print or type full address and telephone number] as my California agent for service of process in connection with this action and any proceedings related to enforcement of this Order.

Date: _____

City  and State where  sworn and signed: _____

Printed name: _____

Signature: _____

23