# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATALIE COHEN,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendants. | Case No.: 2:23-cv-07757-CBM-JPR<br><br>**ORDER RE: PLAINTIFF'S EVIDENTIARY OBJECTIONS** |

The matter before the Court is Defendant United States of America's Motion for Summary Judgment. (Dkt. No. 34 (the "Motion").) The matter is fully briefed.

## I.     BACKGROUND

**A.     Factual Background**

On September 19, 2023, Natalie Cohen ("Plaintiff") filed an action against the United States under the Federal Tort Claims Act ("FTCA") for personal injuries sustained while working at Vandenberg Air Space Base ("VASB"), a facility owned, operated, and controlled by the Department of the Air Force. (Compl. ¶ 7.) Plaintiff alleges the following:

Plaintiff is a civilian employee at the VASB, and her place of work is approximately one mile away from the Santa Maria entrance gate to the base. (*Id.*,

¶ 13.) There is an Active Vehicle Barrier ("AVB") installed on the VASB premises which security personnel on the base can activate "to block further ingress into the base." (*Id.*, ¶ 14.) On December 23, 2021, Plaintiff drove to work and arrived at the Santa Maria entrance; after presenting her base pass, she was cleared to enter the base. (*Id.*, ¶¶ 13-15.) She drove "about 100-200 yards into the base," within the speed limit, when "without warning from any source," the AVB suddenly deployed and "popped up from the ground [] in front of [her.]" (*Id.*, ¶ 15.) Plaintiff alleges that she "had no way of avoiding the immediate impact that occurred" and that as a result of the ensuing collision, she sustained "serious injuries, including fibula and rib fractures, multiple lacerations, contusions and bruises." (*Id.*, ¶ 17.) Plaintiff also alleges that her injuries are a "direct and proximate result of Defendant's negligent acts and/or omissions." (*Id.*)

**B.     Procedural Background**

On January 25, 2024, Defendant filed its Motion to Dismiss under Fed. R. Civ. P. 12(b)(1), alleging the Court lacks subject-matter jurisdiction because the discretionary function exception to the FTCA bars Plaintiff's cause of action. (Dkt. No. 14).[1] The matter was fully briefed. (Dkt. Nos. 14, 15, 16.) On June 24, 2024, the Court granted in part and denied in part Defendant's Motion to Dismiss leaving the following causes of actions:

Plaintiff alleges the United States of America, through its subdivision and/or agents and employees, including the Department of the Air Force, was negligent in: (b) Failing to properly secure the entrance gate such that the visitors or persons entering the facility cannot advance into the base without clearance;

---

[1] Congruent with the Motion to Dismiss, Defendant filed a Motion to Strike Plaintiff's Jury Demand under Fed. R. Civ. 12(f). (Dkt. No. 14.) The Court granted the Motion to Strike, finding the FTCA does not provide plaintiffs with a right to jury trial, which Plaintiff conceded should be stricken from the Complaint. (Dkt. No. 19.)

2

| | |
|---|---|
| 1 | (c) Failing to ensure that Plaintiff, with a valid base pass and who was cleared to |
| 2 | proceed into the base, would not be hindered or injured by the steel barrier; and |
| 3 | (d) Failing to provide adequate warning or notice of the barrier to Plaintiff. |
| 4 | (Compl. ¶ 19; Dkt. No. 19 "MTD Order.") |
| 5 |     In the Court's MTD Order, the Court stated "[i]t is not clear from the facts |
| 6 | alleged that the decision to activate the barrier implicated the type of policy |
| 7 | concerns the DFE is designed to shield…Based on the facts available, the Court |
| 8 | cannot conclude that there was a decision made or that the decision was |
| 9 | 'susceptible to policy analysis.'" (MTD Order at 9) (quoting *Lam v. United States*, |
| 10 | 979 F.3d 665, 674 (9th Cir. 2020).  Following the Court's MTD Order, Defendant |
| 11 | filed its Answer to the Complaint. (Dkt. No. 20), and the parties proceeded with |
| 12 | discovery, including document production and depositions.  (Dkt. No. 34 at 6.) |
| 13 | On June 10, 2025, Defendant filed its Motion for Summary Judgement arguing |
| 14 | that the "factual record now demonstrates 'that the decision to activate the barrier |
| 15 | implicated the type of policy concerns the DFE is designed to shield.'" (Dkt. No. |
| 16 | 34) (quoting the Court's MTD Order at 9:10-14.) In support of her opposition to |
| 17 | the Motion, Plaintiff filed objections to evidence Defendant submitted in support |
| 18 | of its Motion, which the Court analyzes below. (Dkt. No. 38.) |

## II.  DISCUSSION

**A.  Plaintiff's Evidentiary Objections**

    **i.  Plaintiff's Evidentiary Objection to Ex. A to Defendant's MSJ**

Plaintiff objects to Exhibit A (the Air Force incident report, accident report, and citation made on December 21, 2021) to Defendant's Motion for Summary Judgment (the "Motion") on the grounds that the document lacks authentication and constitutes inadmissible hearsay in violation of Fed. R. Evid. 602, 801, 803 and 901. Exhibit A is relevant as it is directly addressing the incident involving Plaintiff and the AVB. The Exhibit is attached to the declaration of Master Sergeant Kevin Freeman who declares Exhibit A is the same documents marked

1  for production by Defendant. (Freeman Decl. ¶ 5.)  Plaintiff contends that because
2  Mr. Freeman admits in his declaration that he was not stationed at the base when
3  the incident occurred, but learned of it from reviewing the report, his "later
4  acquired knowledge of what transpired constitutes inadmissible hearsay." Plaintiff
5  also contends that the evidence should not admitted through Airman Kyle
6  Dighton's declaration because he did not partake in the investigation, did not write
7  the incident report and thus "lacks knowledge of the content of the documents."
8  (Dkt. No. 38 at 1-2.)

Plaintiff's objections are without merit. Exhibit A can be presented in an admissible form at trial under Fed. R. Evid. 803. Master Sergeant Freeman has sufficient personal knowledge of the contents of the exhibit. See *U.S. v. Adefehinti*, 510 F.3d 319, 325 (D.C. Cir. 2007) ("the custodian need not have personal knowledge of the actual creation of the document"). Further, Plaintiff identified Master Sergeant Freeman as a non-retained expert pursuant to Fed. R. Civ. P. 26(a)(2)(C). (Dkt. No. 45-3, Ex. E.) Airman Dighton's review of records kept in the ordinary course of business plus his personal involvement in the events at issue support the finding that he had personal knowledge of the matters stated in his declaration. Fed. R. Evid. 602, 702(a). Accordingly, the declaration and Exhibit A are admissible, and Plaintiff's objection is **OVERRULED**.

    **ii.**    **Plaintiff's Evidentiary Objection to Decl. of Kevin Freeman**

Plaintiff objects to paragraphs 3, 5, 7, 9, and 10 in the Declaration of Master Sergeant Kevin Freeman. (Dkt. No. 38 at 2-6 (the "Freeman Decl.").)  The paragraphs in question detail the Master Sergeant's experience and training in Air Force security policies, including incident/accident reports (*id.* ¶3), his knowledge of the incident involving Plaintiff and the gate runner (*id.* ¶5), his knowledge of the AVB at the Santa Maria Gate (*id.* ¶7), a recitation of the Operating Instructions from 31-10 (*id.* ¶9), and his opinion regarding how Airman Dighton handled the situation based on his experience and understanding of the facts (*id.*

4

¶10). Plaintiff alleges boilerplate objections that Mr. Freeman lacks personal knowledge and that his declarations are improper opinion without citing any legal authority to support the argument. Plaintiff also objects that the declarations are inconsistent with Mr. Freeman's deposition testimony. However, the "alleged inconsistencies are not so 'clear and unambiguous' as to 'justify striking' his declaration." *Issagholi v. McLaren Automtive, Inc.*, 2020 WL 7034597, at *3 (C. D. Cal. Oct. 26, 2020) (rejecting sham declaration argument given the court must find the disparity between the statements so extreme the differences are contradictions). Here, Plaintiff misconstrues the testimony in both the depositions and declarations to create conflicts but the actual statements are not contradictory or extremely different. Further, Plaintiff's objections lack support and are boilerplate. *Doe v. Starbucks, Inc.*, 2009 WL 5183773, at *1 (C.D. Cal. Dec. 18, 2009) ("In motions for summary judgment with numerous objections, it is often unnecessary and impractical for a court to methodically scrutinize each objection and give a full analysis of each argument raised. This is especially true when many of the objections are boilerplate recitations of evidentiary principles or blanket objections without analysis applied to specific items of evidence.") Accordingly, the statements are admissible under Fed. R. Evid. 403 and Plaintiff's objection Freeman Decl. paragraphs 3, 5, 7, 9, and 10 are **OVERRULED**.

       **iii.**    **Plaintiff's Evidentiary Objection to Decl. of Kyle Dighton**

Although styled as evidentiary objections, Plaintiff moves for the Court to strike portions of the Dighton Declaration arguing that it contradicts the deposition testimony Airman Dighton previously provided. Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A motion to strike should not be granted unless the court is convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the claim succeed. *In re New Century*, 588 F.

Supp. 2d 1206, 1220 (C.D. Cal. 2008). Plaintiff has not alleged that any of the statements within Airman Dighton's declaration are redundant, immaterial, impertinent, or scandalous. With regard to Airman Dighton's Declaration paragraph 6:10-11, 14-17, and 7:22-26, Plaintiff mischaracterizes the plain language of the declaration in an attempt to create a contradiction between previous testimony. *Issagholi*, 2020 WL 7034597, at *3. Accordingly, the Court **DENIES** Plaintiff's motion to strike paragraph 6:10-11, 14-17, and paragraph 7:22-26 of Airman Dighton's declaration.

Plaintiff also objects to paragraph 11:11-19 of Airman Dighton's Declaration but again provides no argument or authority to support the position that the language is irrelevant and inadmissible hearsay. Nonetheless, upon its own review of the language in question, the Court **SUSTAINS** Plaintiff's Objection as to paragraph 11:11-19 of Airman Dighton's Declaration.

**IT IS SO ORDERED.**

DATED: October 10, 2025.

CONSUELO B. MARSHALL
UNITED STATES DISTRICT JUDGE